# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE GAITHER,<br><br>                                  Petitioner,<br><br>v.<br><br>RAYMOND MADDEN, Warden, et al.,<br><br>                                Respondents. | Case No.: 18cv2817 GPC (BLM)<br><br>**ORDER: (1) CONSTRUING TRUST ACCOUNT STATEMENT AS A MOTION TO PROCEED IN FORMA PAUPERIS; (2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS; and (3) DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

      Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 together with a trust account statement which the Court **CONSTRUES** as a motion to proceed in forma pauperis.

## **MOTION TO PROCEED IN FORMA PAUPERIS**

      The trust account statement provided by Petitioner reflects a balance of $148.13. (ECF No. 2.) The filing fee associated with this type of action is $5.00. *See* 28 U.S.C. § 1914(a). It appears Petitioner can pay the requisite filing fee. Accordingly, the Court **DENIES** the request to proceed in forma pauperis.

## **FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS**

      Upon review of the Petition, it appears to the Court that a Petition for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for the claims

1

Petitioner presents. Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-500 (1973); *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc). When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser*, 411 at 500; *Nettles*, 830 F.3d at 927. On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. *Preiser*, 411 at 500; *Nettles*, 830 F.3d at 927.

Petitioner claims that prison authorities improperly cancelled his appeal of a prison disciplinary hearing that did not result in any loss of custody credits. (*See* Pet., ECF No. 1 at 17-20, 36.) Petitioner's claims are not cognizable on habeas because they do not challenge the constitutional validity or duration of confinement. *See* 28 U.S.C. 2254(a); *Preiser*, 411 U.S. at 500; *Heck v. Humphrey*, 512 U.S. 477, 480-85 (1994); *Nettles*, 830 F.3d at 931. "[A] § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus." *Nettles*, 830 F.3d at 927.

## CONCLUSION

Based on the foregoing, the Court **CONSTURES** Petitioner's trust account statement as a motion to proceed in forma pauperis, **DENIES** the motion to proceed in forma paupers, and **DISMISSES** this case without prejudice and with leave to amend. If Petitioner wishes to proceed with this case he must, no later than February 26, 2019: (1) pay the $5.00 filing fee or submit adequate proof of his inability to pay the fee; AND (2) file a First Amended Petition that cures the pleading deficiencies outlined in this Order. If Petitioner wishes to file a case pursuant to 42 U.S.C. § 1983, he must file a civil rights complaint pursuant to § 1983 which will be given a new case number. ***The Clerk of Court is directed to mail Petitioner a blank motion to proceed in forma pauperis form,***

*a blank First Amended Petition form, and a blank 42 U.S.C. § civil rights complaint form together with a copy of this Order.*

**IT IS SO ORDERED.**

Dated: January 8, 2019

Hon. Gonzalo P. Curiel
United States District Judge